appeal that this claim was improperly sent to arbitration when he represented to the district court that arbitration of the claim would be proper. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir.2007).

### C. Motion to Vacate

█ Alim appeals the district court's denial of his motion to vacate the JAMS arbitration award.[9] Although our review of the district court's decision is *de novo*, our review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir.2012). Alim argues vacatur is appropriate because the second arbitrator was evidently partial and the JAMS arbitration award was tainted by fraud or undue means. *See* 9 U.S.C. § 10(a). Alim has waived his evident partiality argument because he was aware of both bases on which he claims evident partiality prior to the second arbitration hearing and failed to raise the argument before the second arbitration hearing. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir.1987).

Alim urges that the JAMS arbitration award was procured fraudulently or through undue means because (1) the DRP was procured through fraud; (2) JAMS refused to release contact information re-

lated to the second arbitrator's most recent cases; and (3) the second arbitrator based his finding concerning overtime pay on perjured testimony. These arguments lack factual and legal merit.

AFFIRMED.

Anna M. LEWIS; Latanya C. Lewis, Plaintiffs–Appellants

v.

LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT; Louisiana State, Defendants–Appellees.

No. 13–30650.

United States Court of Appeals, Fifth Circuit.

June 5, 2014.

Dan Michael Scheuermann, Esq., Law Offices of Dan M. Scheuermann, Baton Rouge, LA, for Plaintiffs–Appellants.

---

our jurisdiction. Therefore, having original jurisdiction under 28 U.S.C. § 1331, we have supplemental jurisdiction over Alim's UAE labor law claim pursuant to 28 U.S.C. § 1367(a).

9. Alim argues that the district court erred in not granting him leave to conduct additional discovery concerning KBR's previous JAMS arbitrations, including those with the second arbitrator here. While Alim made two passing references to this discovery request in his motion to vacate, we cannot conclude that the district court abused its discretion in not granting Alim leave to conduct additional discovery because Alim failed to explain, much

less demonstrate, that his arguments necessitated further discovery because they "implicated factual questions that cannot be reliably resolved without some further disclosure." *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir.2004) (citation and internal quotation marks omitted) (holding in the context of an arbitration award confirmation proceeding that the decision as to whether to allow additional discovery is "an entirely practical one" involving a balancing of the need for additional information with its effect on the arbitration process).

Michael Franklin Nolan, Jr., Esq., William Peter Connick, Sr., Connick & Connick, L.L.C., Metairie, LA, for Defendants–Appellees.

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

**Darnell Deon BALONEY, Plaintiff**

**v.**

**ENSCO OFFSHORE COMPANY; Stone Energy Offshore, L.L.C., Defendants–Third Party Plaintiffs–Appellees**

**v.**

**Bayou Inspection Services, Incorporated, doing business as Bayou Testers, Incorporated, Third Party Defendant–Appellant.**

No. 13–30796.

United States Court of Appeals, Fifth Circuit.

June 5, 2014.

William B. Schwartz, Stuart Glen Richeson, Attorney, Baldwin Haspel Burke & Mayer, L.L.C., Karen Waters Shipman, Esq., Charles Rowand Talley, Zoe Wilde Vermeulen, Kean Miller, L.L.P., New Or-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.